UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

VANESSA D. STEPHENS,                                              Civil Action No. 23-cv-3972

                Plaintiff,

                                            COMPLAINT
        v.

UNITED STATES OF AMERICA
and DANIELA COSTA,

                Defendants.
-----------------------------------------------------------------

ORIGINAL COMPLAINT FOR DAMAGES
UNDER FEDERAL TORT CLAIMS ACT

1.      Plaintiff is a resident of the County of Queens, State of New York.

2.      The claims herein are brought against defendant UNITED STATES OF

AMERICA ("USA"), pursuant to 28 U.S.C. § 2671 and 28 U.S.C. § 1346(b)(1), for money

damages as compensation for loss of property and personal injuries that were caused by the

negligent or wrongful acts or omissions of employees of defendant USA while acting within

the scope of their offices and employment, under circumstances where defendant USA, if a

private person, would be liable to Plaintiff in accordance with the laws of the State of New

York.

3.      On August 8, 2021, a vehicle owned by defendant USA and operated by

defendant USA's employee JAMES M. ARILLO ("ARILLO") struck Plaintiff's vehicle,

pushing it into defendant DANIELA COSTA's ("COSTA") vehicle, in the County of

Middlesex, State of New Jersey.

4.      On May 19, 2022, Plaintiff presented the claims herein to defendant USA via

certified mail, pursuant to 28 U.S.C. 2675.

5.      More than six months has passed since Plaintiff responded to defendant USA's most recent communication, and defendant USA has neither adjusted nor denied Plaintiff's claim.

6.      Plaintiff has timely filed this complaint, pursuant to 28 U.S.C. § 2401.

7.      Venue is proper because Plaintiff resides within the Eastern District of New York, pursuant to 28 U.S.C. § 1402.

8.      On August 8, 2021, upon information and belief, defendant USA owned a vehicle bearing New Jersey registration 1269112.

9.      On August 8, 2021, upon information and belief, defendant USA owned a vehicle bearing New Jersey registration 1269112.

10.      On August 8, 2021, upon information and belief, defendant USA maintained a vehicle bearing New Jersey registration 1269112.

11.      On August 8, 2021, upon information and belief, defendant USA managed a vehicle bearing New Jersey registration 1269112.

12.      On August 8, 2021, upon information and belief, defendant USA controlled a vehicle bearing New Jersey registration 1269112.

13.      On August 8, 2021, upon information and belief, ARILLO operated a vehicle bearing New Jersey registration 1269112.

14.      On August 8, 2021, upon information and belief, ARILLO maintained a vehicle bearing New Jersey registration 1269112.

15.      On August 8, 2021, upon information and belief, ARILLO managed a vehicle bearing New Jersey registration 1269112.

16.     On August 8, 2021, upon information and belief, ARILLO controlled a vehicle bearing New Jersey registration 1269112.

17.     On August 8, 2021, upon information and belief, ARILLO operated a vehicle bearing New Jersey registration 1269112 with the knowledge, permission, and consent of defendant USA.

18.     On August 8, 2021, upon information and belief, ARILLO maintained a vehicle bearing New Jersey registration 1269112 with the knowledge, permission, and consent of defendant USA.

19.     On August 8, 2021, upon information and belief, ARILLO managed a vehicle bearing New Jersey registration 1269112 with the knowledge, permission, and consent of defendant USA.

20.     On August 8, 2021, upon information and belief, ARILLO controlled a vehicle bearing New Jersey registration 1269112 with the knowledge, permission, and consent of defendant USA.

21.     On August 8, 2021, upon information and belief, ARILLO was an employee of defendant USA.

22.     On August 8, 2021, upon information and belief, ARILLO operated a vehicle bearing New Jersey registration 1269112 while acting within the scope of his employment with defendant USA.

23.     Defendant COSTA is, upon information and belief, a resident of the County of Union, State of New Jersey.

24.     On August 8, 2021, upon information and belief, defendant COSTA owned a vehicle bearing New Jersey registration L75MKU.

25.    On August 8, 2021, upon information and belief, defendant COSTA operated a vehicle bearing New Jersey registration L75MKU.

26.    On August 8, 2021, upon information and belief, defendant COSTA maintained a vehicle bearing New Jersey registration L75MKU.

27.    On August 8, 2021, upon information and belief, defendant COSTA managed a vehicle bearing New Jersey registration L75MKU.

28.    On August 8, 2021, upon information and belief, defendant COSTA controlled a vehicle bearing New Jersey registration L75MKU.

29.    On August 8, 2021, upon information and belief, Route 35 South in the County of Middlesex, State of New Jersey, was, and still is, a public roadway.

30.    On August 8, 2021, upon information and belief, Plaintiff was lawfully operating her vehicle on Route 35 South in the County of Middlesex, State of New Jersey.

31.    On August 8, 2021, Defendants' vehicles came into contact with Plaintiff's vehicle on Route 35 South in the County of Middlesex, State of New Jersey.

32.    The collision was due solely to, and caused wholly by, the careless and negligent manner in which Defendants owned, operated, maintained, managed, and controlled their vehicles, without Plaintiff contributing thereto.

33.    Because of Defendants' carelessness and negligence, Plaintiff was severely injured, bruised, and wounded, and Plaintiff suffered, still suffers, and will continue to suffer for some time, from physical pain and bodily injuries, and became sick, sore, lame, and disabled, and so remained for a considerable length of time.

34.    Because of Defendants' carelessness and negligence, Plaintiff was compelled to seek, and did necessarily require, medical treatment and medicine, and did necessarily

4

pay for, and/or become liable for, the cost of that medical treatment and medicine, and upon information and belief Plaintiff will necessarily incur similar expenses in the future.

35.    Because of Defendants' carelessness and negligence, Plaintiff has not been able to attend to her activities of daily living in the manner required.

36.    Because of Defendants' carelessness and negligence, Plaintiff sustained serious injuries as defined in N.J.S.A. 39:6A, which have resulted in great pain and suffering.

37.    Because of Defendants' carelessness and negligence, Plaintiff sustained non-economic loss greater than the basic non-economic loss defined by statute, and the parties are covered persons as defined in N.J.S.A. 39:6A.

38.    Because of Defendants' carelessness and negligence, Plaintiff has sustained serious injuries as defined in Section 5102 of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined upon trial of this action, together with costs and disbursements.

Dated: Rosedale, New York
       May 30, 2023                          GREGORY SPEKTOR & ASSOCIATES, P.C.

_____
DAVID L. HENDERSON (DH4268)
One Cross Island Plaza, Suite 203C
Rosedale, New York 11422
718.528.5272
dave@spektorlaw.com

*Attorneys for Plaintiff*